UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARTER H.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner, Social Security Administration,<br><br>Defendant. | C.A. No. 25-cv-558-MRD-PAS |

**ORDER**

Melissa R. DuBose, United States District Judge.

Plaintiff, Carter H., brings this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner of Social Security's final administrative decision denying her claim for Disability Insurance Benefits ("DIB"). ECF Nos. 1, 7. After an initial denial, reconsideration, and a July 18, 2024 hearing before an Administrative Law Judge ("ALJ"), her claim was once again denied. ECF No. 7 at 3. The Appeals Counsel also denied review, which resulted in the ALJ's decision becoming the final decision of the Commissioner. *Id.* Before this Court are Plaintiff's Motion to Reverse the Commissioner's Decision (ECF No. 7) and Defendant Commissioner of Social Security's Motion to Affirm the Commissioner's Decision (ECF No. 9). After reviewing the record and the parties' submissions, the Court GRANTS the Motion to Affirm, (ECF No. 9), and DENIES the Motion to Reverse (ECF No. 7).

## I. BACKGROUND

With respect to Plaintiff's background and past work experience, Plaintiff originally applied for Social Security income at age twenty-four. ECF No. 7 at 4. Her medical diagnoses include autism spectrum disorder, obsessive compulsive disorder, bipolar disorder, both generalized and social anxiety disorders, and attention deficit hyperactivity disorder ("ADHD"). ECF No. 5 at 42; ECF No. 7 at 3. Plaintiff has completed high school, appears to have attended some college, and has worked previously at jobs in the fast-food industry, the health care industry, and the retail industry. ECF No. 5 at 42-43; ECF No. 7 at 4.

Ultimately, the ALJ concluded that Plaintiff did not suffer from a disability as defined by the Social Security Act and instead determined that she maintains the ability to transition to an alternative work arrangement that exists in significant numbers in the national economy in roles such as a dining room attendant, a merchandise marker, and a cleaner. ECF No. 5 at 31-32.[1] Before this Court, Plaintiff claims that the ALJ erred by: (1) failing to account for Plaintiff's moderate limitations in "concentrating, persisting, or maintaining pace;" and (2) the ALJ failed to properly evaluate the record's medical opinion evidence concerning Plaintiff's ability to concentrate, persist, or maintain pace throughout a normal workday. ECF No. 7 at 8-9, 13-14.

[1] During the hearing, Plaintiff informed the ALJ that she soon plans to resume her college education in order to combine her interest and skills in making art with a future career in the art industry. ECF No. 5 at 62-64.

## II. STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence "means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Concol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Courts determine whether the Commission's findings meet the substantial evidence standard by reviewing the record in its entirety. *Frustaglia v. Sec'y Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987).

This Court plays a limited role in reviewing the Commission's decision. *Brown v. Apfel*, 71 F. Supp. 2d 28, 30 (D.R.I. 1999). Specifically, the Court may not reinterpret the evidence before it, reweigh it in a different manner, or substitute its judgment for that of the Commissioner's. *See Thomas P. v. Kijakazi*, C.A. No. 21-00020-WES, 2022 WL 92651, at *8 (D.R.I. Jan. 10, 2022), *report & recommendation adopted* (D.R.I. Mar. 31, 2022). So long as Commissioners support their decisions with substantial evidence, this Court must affirm them, notwithstanding the fact that it could have reached a contrary decision had it assumed the role of the fact finder. *See Rodriguez Pagan v. Sec'y Health Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). However, the Court may disregard the Commissioner's findings if the Commissioner ignored evidence, misapplied the law, or judged matters entrusted to experts. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

Finally, courts often keep in mind the bedrock principle that "the Social Security Act is a remedial statute that the Commissioner and courts should broadly construe and liberally apply and whose purpose is to mitigate the rigors of life for those who are disabled or impoverished." *Katheryn H. v. King*, C.A. No. 24-cv-253-JJM-LDA, 2025 WL 521137, at *2 (D.R.I. Feb. 18, 2025) (citing *Dousewicz v. Harris*, 646 F.2d 771, 773 (2d Cir. 1981) & *Drovak v. Harris*, 345 F.2d 894 (10th Cir. 1965)).

## III. DISCUSSION

Plaintiff identifies two errors in her Motion to Reverse. First, Plaintiff contends that the ALJ "failed to adequately account for" Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace throughout the workday. ECF No. 7 at 8. Second, Plaintiff contends that the ALJ failed to properly evaluate the medical opinion evidence on this same subject. *Id.* at 2. Both arguments: (1) ignore the findings made and the conclusions reached by the ALJ; and (2) fail to provide the Court with a valid mechanism to deviate from its limited role in reviewing Social Security appeals.

With respect to Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace throughout the workday, the ALJ's decision stated the following when outlining his rationale for determining that Plaintiff lacks an impairment that falls within the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1:

> With regard to concentrating, persisting[,] or maintaining pace, the claimant has a moderate limitation. The claimant reported that she has difficulty concentrating generally, completing tasks, maintaining attention, and following instructions. Yet, the claimant reported that she frequently drives a motor vehicle, performs household chores including cleaning and laundry, shops in stores and by computer,

> completes art projects and plays video games (Hearing Testimony; Exhibit 9E). Furthermore, objective clinical findings on mental status examinations showed that the claimant presented as focused and attentive (Exhibit 1F and 4F). Therefore, the undersigned finds that the claimant has a moderate limitation in concentrating, persisting, or maintaining pace based on evidence of multiple activities of daily living requiring functional concentrating as well as mental status examinations show intact focus and attention.

ECF No. 5 at 25-26.

Additionally, when concluding that Plaintiff possesses the residual functional capacity to perform a full range of work (subject to the ALJ's specified limitations), the ALJ reviewed and relied upon the expertise of state agency psychologists Dr. Pamela Steadman-Wood and Dr. Ryan Haggarty. ECF No. 5 at 29. Critically, both of these experts concluded that Plaintiff maintains the ability to "carry out simple tasks *for two-hour periods over an 8-hour workday* at a non-pressured work pace." *Id.* (emphasis added).

Based on the findings of fact and ultimate conclusions in the ALJ's decision, Plaintiff has failed to demonstrate that the ALJ did not support his decision with substantial evidence or that it is otherwise deficient as a matter of law. *See Nguyen*, 172 F.3d at 35. Both the ALJ's decision itself and its citation to evidence contained in the record (including testimonial evidence) demonstrate that the ALJ considered and evaluated Plaintiff's ability to concentrate, persist, and maintain pace throughout the workday and that his consideration of that issue impacted the ultimate denial of benefits that took place here.

Similarly, the ALJ's decision also demonstrates that he substantively evaluated and adopted both experts' opinions on Plaintiff's ability to concentrate,

persist, and maintain pace throughout the workday. While Plaintiff appears to challenge the ALJ's decision to disregard the more generalized conclusions about Plaintiff's ideal work conditions as unhelpful, the ALJ's decision to do so neither undercuts his adoption of the experts' *ultimate* conclusions nor does it rise to the level of a reversible error. ECF No. 7 at 13-16. As a result, the Court declines Plaintiff's invitation to reassess or otherwise reweigh the evidentiary determinations that the ALJ reached on these issues. *See Thomas P.*, 2022 WL 92651, at *8 ("Ultimately, Plaintiff's challenge to the ALJ's evaluation of the record in this case inappropriately asks this Court to reweigh evidence in a manner more favorable to him.") (citing *Seavey v. Barnhart*, 276 F.3d 1, 10 (1st Cir. 2001)).

Moreover, the Government has indicated that Plaintiff's counsel has repeatedly recycled this argument in the context of other Social Security appeals and that prior courts have rejected it on a frequent basis. *See, e.g., Molly C. v. Bisignano*, C.A. No. 25-258-PAS, 2026 WL 948969, *6 (D.R.I. Apr. 8, 2026).

Specifically, when a Magistrate Judge in this District rejected this argument in *Molly C. v. Bisignano*, she characterized and dismissed it in the following manner:

> Relatedly, Plaintiff contends that, with expert findings of moderate limits in certain functional areas, the ALJ erred in finding that Plaintiff could sustain a normal work schedule. This argument fails because these experts also specifically found that, despite these moderate limits, Plaintiff could sustain a normal work schedule, *"which necessarily means that materially excessive off-task time and absenteeism were both considered and not found."*

*Id.* (quoting *Austin B. v. O'Malley*, C.A. No. 23-519-PAS, 2024 WL 3329754, at *3 (D.R.I. July 8, 2024)) (cleaned up). As with *Molly C.*, Plaintiff's argument in favor of

reversal falls apart when the Court considers that a conclusion from the ALJ finding that the claimant *can* complete a full day of work necessarily *implies* that the ALJ considered the factors that would otherwise prevent the claimant from doing so.

In any case, the record before this Court provides it with sufficient support demonstrating that the ALJ adequately considered this aspect of Plaintiff's claim. As a result, the Court determines that the ALJ supported his decision with substantial evidence, which requires the Court to affirm it. *See Rodriguez Pagan*, 819 F.2d at 3.

## IV. CONCLUSION

For these reasons, the Court GRANTS Defendant's Motion to Affirm (ECF No. 9) and DENIES Plaintiff's Motion to Reverse (ECF No. 7). Final judgment shall enter for Defendant.

IT IS SO ORDERED.

Melissa R. DuBose
United States District Judge

August 14, 2026